DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Jerome D. Buck has appealed from his conviction of possession of cocaine in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On September 13, 2004, Defendant-Appellant Jerome D. Buck was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), and one count of possession of cocaine, in violation of R.C. 2925.11.[1] Appellant entered "not guilty" pleas to both counts in the indictment.
 {¶ 3} A jury trial commenced on February 9, 2005 and Appellant was found guilty of possession of cocaine, but not guilty of trafficking in cocaine.
 {¶ 4} Appellant has timely appealed his conviction, asserting one assignment of error.
 II Assignment of Error Number One
"INSUFFICIENT EVIDENCE WAS PRESENTED AT TRIAL COURT TO SUSTAIN APPELLANT'S CONVICTION."
 {¶ 5} In his sole assignment of error, Appellant has argued that his conviction was based on insufficient evidence. Specifically, he has argued that the State failed to prove all the elements necessary under the indictment because Appellant was indicted for possession of crack cocaine and the stipulated lab results showed the substance at issue was cocaine. We disagree.
 {¶ 6} When reviewing the legal sufficiency of the evidence to support a conviction, it is the function of this Court:
"[T]o examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 7} "`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. (Citations omitted). A reversal of a verdict based on the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id. at 387.
 {¶ 8} Appellant was convicted of possession of cocaine. Pursuant to R.C. 2925.11(A), "No person shall knowingly obtain, possess, or use a controlled substance." Appellant has not argued on appeal that the jury erred in finding that he knowingly obtained, possessed, or used a controlled substance, rather he has argued that the State failed to prove the substance involved was crack cocaine. As previously discussed, Appellant has argued that he was indicted for possession of crack cocaine, not cocaine. A review of the indictment reveals that the offense was listed as possession of cocaine and crack cocaine was listed as the substance involved. Accordingly, we must review the record to determine whether there was sufficient evidence that the drug involved was crack cocaine.
 {¶ 9} Pursuant to R.C. 2925.11(C)(4), "If the drug involved is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine." "`Crack cocaine' means a compound, mixture, preparation, or substance that is or contains any amount of cocaine that is analytically identified as the base form of cocaine or that is in a form that resembles rocks or pebbles generally intended for individual use." R.C. 2925.01(GG).
 {¶ 10} Several Akron police officers testified during Appellant's trial. On September 3, 2004, the Akron Police Department ("APD") and its Street Narcotics Uniform Detail ("SNUD") were investigating a suspected drug area in Akron. During the investigation Officer James Carmany of the APD encountered Appellant as he ran from other officers.
 {¶ 11} Officer Carmany testified to the following. Appellant ran directly towards him and a chase ensued. During the pursuit, Officer Carmany observed Appellant throw something and when Officer Carmany retraced Appellant's steps he observed what he believed to be "four rocks" of crack cocaine. Officer Carmany identified an exhibit as the crack cocaine he recovered from the scene; he testified that the crack cocaine looked like little rocks of cocaine. A SNUD officer field tested the substance and it tested positive for crack cocaine.
 {¶ 12} Outside the presence of the jury, the parties stipulated to the admission of the lab report that found the substance at issue was ".87 grams with cocaine present[.]"
 {¶ 13} Officer Nevin Webb of the APD testified to the following for the State. Officer Webb and his canine partner were involved in the investigation at issue. After Appellant was arrested, Officer Webb assisted Officer Carmany search Appellant's path and Officer Webb observed four individually wrapped rocks of crack cocaine on the grass. Officer Webb identified the exhibit previously identified by Officer Carmany as the crack cocaine recovered from the scene.
 {¶ 14} Officer Ted McClain Male of the SNUD unit testified to the following. After Appellant was arrested, Officer Carmany handed Officer Male what Officer Male believed to be four rocks of crack cocaine. Officer Male tagged the suspected crack cocaine into evidence and identified the previously identified crack cocaine as the crack cocaine from the scene. Officer Male field tested the substance and it tested positive for the presence of cocaine.
 {¶ 15} During the cross-examination of Officer Male, the trial court instructed the jury that they would be receiving a stipulation by the parties that the substance was tested in a lab and that the substance "is, in fact, crack cocaine or it is, in fact, cocaine[.]" The trial court then asked Appellant's counsel if he agreed with the stipulation and said counsel concurred.
 {¶ 16} Sergeant Jason Malick of the SNUD unit testified to the following. He was involved in Appellant's arrest and completed a field arrest booking slip regarding the incident. The report stated that "crack cocaine was found three to four feet from where [the] suspect attempted to scale a fence and flee the scene." Sergeant Malick also identified the crack cocaine at issue.
 {¶ 17} After the State called its final witness, Appellant made a motion for acquittal and the trial court denied the motion. Appellant then testified on his own behalf.[2] At the close of Appellant's testimony, he renewed his motion for acquittal and the trial court denied the motion.
 {¶ 18} As part of its jury instructions, the trial court stated "Let me remind you that there is a stipulation that this is, in fact, crack cocaine, a Schedule II substance." The trial court then continued with the remainder of the instructions and each party presented its closing argument without objection to the trial court's instructions.
 {¶ 19} Viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found beyond a reasonable doubt the substance at issue was crack cocaine. Pursuant to R.C. 2925.11(C), one is guilty of possession of cocaine if the drug involved is a mixture of or contains cocaine. Additionally, R.C. 2925.01(GG) provides that crack cocaine is a substance in rock form that contains or is a mixture of cocaine. The stipulated lab results found that the substance at issue weighed .87 grams and contained cocaine. Accordingly, based on the relevant statutes and the lab report, the substance at issue was crack cocaine.
 {¶ 20} Moreover, Officers Carmany, Webb, and Male and Sergeant Malick all identified the substance at issue as crack cocaine. Also, Sergeant Malick testified that he field tested the "rocks" and they tested positive for cocaine. The trial court also confirmed with Appellant's counsel that Appellant was stipulating to the lab results and informed the jury of the stipulation that the substance at issue was crack cocaine or cocaine; Appellant did not object to the trial court's statement or request clarification. Later, during jury instructions, the trial court again stated that the substance at issue was crack cocaine and Appellant did not object.
 {¶ 21} Based on the foregoing, we find that the evidence that the substance at issue was crack cocaine was legally sufficient to support a jury verdict as a matter of law. Therefore, Appellant's sole assignment of error lacks merit.
 III {¶ 22} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Moore, J., concur.
[1] The indictment listed crack cocaine as the cocaine substance.
[2] Given Appellant's sole argument on appeal that the State failed to prove the substance was crack cocaine, Appellant's testimony is not relevant to the instant matter.